UNITED STATES DISTRICT COURT
For the Northern District of California

# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>C AND C CONCRETE, INC., et al.,<br><br>Defendants. | No. C 10-03344 LB<br><br>**ORDER DENYING DEFENDANTS' COUNSEL'S MOTION TO WITHDRAW**<br><br>[Re: ECF No. 55] |

## I. BACKGROUND

Defendants C and C Concrete, Inc. and Jose Herrera (collectively, "Defendants") are represented by attorney Scott Woodall. On March 28, 2012, Mr. Woodall moved to withdraw as Defendants' counsel because, in short, he believes that Defendants are no longer able to pay their agreed-upon attorney's fees. Motion to Withdraw, ECF No. 55 at 1-2.[1] Mr. Woodall's declaration, however, neither adequately supports his claim that Defendants' cannot pay their legal bills nor does it state whether written notice of his intent to withdraw has been given to his clients, which is a requirement for withdrawal under this District's Civil Local Rules. *See* Woodall Declaration, ECF No. 55-1; *see*

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

*also* N.D. Cal. Civ. L.R. 11-5(a). Accordingly, as explained below, Mr. Woodall's motion to withdraw is DENIED WITHOUT PREJUDICE.[2]

## II. LEGAL STANDARD

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or *pro se* if the client is not a corporate defendant. N.D. Cal. Civ. L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PHJ, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citation omitted). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw, including if the client breaches an agreement or obligation to its counsel as to expenses or fees. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(f); *j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *2 (holding withdrawal is proper where client failed to pay an unspecified amount of attorney's fee and client refused to communicate with its attorney despite attorney's multiple attempts to contact him).

An attorney may also request withdrawal on the basis of "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively," such as a client's failure to communicate with its attorney. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d); *j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *2. The decision to grant or deny a motion to withdraw is discretionary with the court, and the court can use "its discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding."

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds that this matter is suitable for determination without oral argument and vacates the April 19, 2011 hearing.

*Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) *(citing Mandel v. Superior Court*, 67 Cal. App. 3d 1, 4 (1977)) (holding there was no prejudice or undue delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the case).

### III. DISCUSSION

Mr. Woodall states in his declaration that he believes that Defendants no longer have the ability to pay their legal bills. Woodall Declaration, ECF No. 55-1 at 1-2. As stated above, the failure of a client to pay his or her legal bills as required under a retainer agreement is a valid ground for withdrawal. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(f); *j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *2. But Mr. Woodall does not provide any evidence to support his claim. *See generally* Woodall Declaration, ECF No. 55-1. He does not, for example, state that Defendants have failed to pay any legal bills or that Defendants have told him that they cannot pay or do not intend to pay for future legal services. Moreover, Mr. Woodall does not state that Defendants' received written notice of his intent to withdraw, which is required under this District's Civil Local Rules. *See id.*; *see also* N.D. Cal. Civ. L.R. 11-5(a). In short, his declaration is insufficient to support his withdrawal.

### IV. CONCLUSION

Accordingly, this court DENIES WITHOUT PREJUDICE Mr. Woodall's motion to withdraw. Should Mr. Woodall wish to file a new motion to withdraw that is accompanied by a declaration that addresses the above-described insufficiencies, he may do so.

This disposes of ECF No. 55.

**IT IS SO ORDERED.**

Dated: April 10, 2012

LAUREL BEELER
United States Magistrate Judge