UNITED STATES DISTRICT COURT
For the Northern District of California

1
2
3
4
5
6
7
8

# UNITED STATES  DISTRICT COURT

## Northern District of California

San Francisco Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., | No. C 10-03344 LB |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' COUNSEL'S MOTION TO WITHDRAW** |
| v. | [Re: ECF No. 61] |
| C AND C CONCRETE, INC., et al., | |
| Defendants. | |

_____/

## I. BACKGROUND

Defendants C and C Concrete, Inc. and Jose Herrera (collectively, "Defendants") are represented by attorney Scott Woodall.  On April 24, 2012, Mr. Woodall moved to withdraw as Defendants' counsel because Defendants are no longer able to pay their agreed-upon attorney's fees and do not intend to do so.  Motion to Withdraw, ECF No. 61 at 1-2; Woodall Declaration, ECF No. 61-1 at 2, ¶ 7.[1]  Upon consideration of the record and the papers presented, the court GRANTS Mr. Woodall's motion.[2]

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] Pursuant to Civil Local Rule 7-1(b), the court finds that this matter is suitable for determination without oral argument and vacates the June 7, 2011 hearing.

C 11-03344 LB
ORDER GRANTING MOTION TO WITHDRAW

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

## II. LEGAL STANDARD

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The local rules further provide that if the client does not consent to the withdrawal and no substitution of counsel is filed, the motion to withdraw shall be granted on the condition that all papers from the court and from the opposing party shall continue to be served on that party's current counsel for forwarding purposes until the client appears by other counsel or *pro se* if the client is not a corporate defendant. N.D. Cal. Civ. L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PHJ, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009) (citation omitted). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw, including if the client breaches an agreement or obligation to its counsel as to expenses or fees. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(f); *j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *2 (holding withdrawal is proper where client failed to pay an unspecified amount of attorney's fee and client refused to communicate with its attorney despite attorney's multiple attempts to contact him).

An attorney may also request withdrawal on the basis of "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively," such as a client's failure to communicate with its attorney. Cal. Rules of Prof'l Conduct R. 3-700(C)(1)(d); *j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *2. The decision to grant or deny a motion to withdraw is discretionary with the court, and the court can use "its discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) *(citing Mandel v. Superior Court*, 67 Cal. App. 3d 1, 4 (1977)) (holding there was no prejudice or undue delay to client where counsel provided sufficient notice of its intent to withdraw and where no trial date had yet been set in the case).

## III. DISCUSSION

C 11-03344 LB
ORDER GRANTING MOTION TO WITHDRAW

UNITED STATES DISTRICT COURT
For the Northern District of California

1      Mr. Woodall states in his declaration that he believes that Defendants no longer have the ability

2  to pay their legal bills.  Woodall Declaration, ECF No. 61-1 at 1-2, ¶¶ 2-3, 5.  He also states that

3  Defendants have failed to pay their legal bills and have told him that they have no intention of doing

4  so.  *Id.* at 2, ¶¶ 6-7.  As described above, the failure of a client to pay his or her legal bills as

5  required under a retainer agreement is a valid ground for withdrawal.  Cal. Rules of Prof'l Conduct

6  R. 3-700(C)(1)(f); *j2 Global Commc'ns, Inc.*, 2009 WL 464768 at *2.  Mr. Woodall also states that

7  Defendants' received written notice of his intent to withdraw.  Woodall Declaration, ECF No. 61-1

8  at 2, ¶ 8.  Defendants, then, have received adequate notice of Mr. Woodall's intent to withdraw.

9      On this record, the court finds good cause to allow Mr. Woodall to withdraw as Defendants'

10  counsel.  Because Defendants have not consented to the withdrawal and neither Defendant has filed

11  a substitution of counsel[3], the motion is granted on the condition that Mr. Woodall continue to serve

12  on Defendants all papers from Plaintiffs and the court until Defendants file substitutions of counsel

13  as provided by Civil Local Rule 11-5(b).  Because corporations may not appear in federal court

14  except through counsel, C and C Concrete, Inc. shall file a substitution of counsel by June 29, 2012.

15  Mr. Herrera may appear *pro se*, but he must file either a notice of his intention do so or a

16  substitution of counsel by June 29, 2012.

### IV.  CONCLUSION

18      Accordingly, this court GRANTS Mr. Woodall's motion to withdraw.

19      This disposes of ECF No. 61.

20      **IT IS SO ORDERED.**

21  Dated: May 25, 2012

22                                    LAUREL BEELER
                                  United States Magistrate Judge

---

27      [3] Mr. Woodall's declaration states that Defendants have signed substitutions of counsel and

28  that these are attached to his declaration.  Woodall Declaration, ECF No. 61-1 at 2, ¶ 9.  Despite his
statement, they are not attached.  *See generally id.*

C 11-03344 LB
ORDER GRANTING MOTION TO WITHDRAW