1  Ronald L. Richman, SBN 139189
   Susan J. Olson, SBN 152467
2  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
3  San Francisco, California  94108
   Telephone: 415.352.2700
4  Facsimile: 415.352.2701
   E-Mail: ron.richman@bullivant.com
5  E-Mail: susan.olson@bullivant.com

6  Attorneys for Plaintiffs

7
                   UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9

10 | BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; AND BOARD OF TRUSTEES OF THE CEMENT MASONS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA, | Case No.:  C 10-3343 LB

   **NOTICE OF DISCHARGE OF JOSE R. HERRERA, JR. and REQUEST FOR DISMISSAL AS TO DEFENDANT JOSE R. HERRERA, JR.; ORDER THEREON**

                   Plaintiffs,

        v.

   C AND C CONCRETE, INC. a California corporation and JOSE R. HERRERA, JR., an individual,

                   Defendant.

22 | BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, | Case No.:  CV 10 3344 LB

– 1 –
NOTICE OF DISCHARGE OF JOSE R. HERRERA, JR.

|   |   |
|---|---|
| 1 | Plaintiffs, |
| 2 | v. |
| 3 | C AND C CONCRETE, INC., a California corporation; and JOSE R. HERRERA, JR., an individual, |
| 4 |   |
| 5 | Defendant. |

On July 23, 2012 defendant Jose R. Herrera, Jr. was granted a discharge by the US Bankruptcy Court, Eastern District of California, Case No.: 12-27490-D-7. A copy of the Discharge of Debtor is attached hereto as <u>Exhibit A</u>.

Based on the bankruptcy discharge of Jose R. Herrera, Jr., Plaintiffs respectfully request that this Court issue an Order dismissing Defendant Jose R. Herrera, Jr., without prejudice. Defendant Herrera does not have counsel in this case. His counsel withdrew from this action.

DATED: July 31, 2012

BULLIVANT HOUSER BAILEY PC

By _____
Ronald L. Richman
Susan J. Olson

Attorneys for Plaintiffs

### ORDER

Pursuant to the Discharge of Debtor and good cause appearing:

IT IS HEREBY ORDERED that this matter is dismissed as to Defendant Jose R. Herrera, Jr., without prejudice.

DATED: July 31, 2012

By _____
HON. LAUREL BEELER
UNITED STATES MAGISTRATE JUDGE

13835686.1

— 2 —
NOTICE OF DISCHARGE OF JOSE R. HERRERA, JR.

# EXHIBIT A

FORM L55 Discharge of Debtor (v.1.0)     12-27490 – D – 7



**UNITED STATES BANKRUPTCY COURT**
Eastern District of California

Robert T Matsui United States Courthouse
501 I Street, Suite 3-200
Sacramento, CA 95814

(916) 930-4400
www.caeb.uscourts.gov
M–F 9:00 AM – 4:00 PM

**FILED**

**7/23/12**

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

auto

## DISCHARGE OF DEBTOR

Case Number:    12-27490 – D – 7

Debtor Name(s), Social Security Number(s), and Address(es):

Jose Rafael Herrera Jr.
xxx-xx-5612

5926 E. Kettleman Lane
Lodi, CA 95240

Beverly Ethel Herrera
xxx-xx-1043

5926 E. Kettleman Lane
Lodi, CA 95240

OTHER NAMES USED WITHIN 8 YEARS BEFORE FILING THE PETITION:

Jr. Jose R. Herrera
Jr. Joe R. Herrera
Herrera Concrete
Inc. C and C Concrete

Beverly Herrera
Beverly E. Herrera

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Dated:
7/23/12

For the Court,
Wayne Blackwelder , Clerk

028699           70605028727015

FORM L55
(Continued)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person (or persons) named as the debtor (or debtors). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. In a case involving community property, there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case. A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.

### Debts that are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);
c. Debts that are domestic support obligations;
d. Debts for most student loans;
e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
g. Some debts which were not properly listed by the debtor;
h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**



RECEIVED
JUL 27 2012
BHB

028699    70605028727015