UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>C AND C CONCRETE, INC., et al.,<br><br>Defendants.<br>_____/ | No. C 10-03344 LB<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>[Re: ECF No. 79] |

On July 29, 2010 Plaintiffs – the trustees of employee benefits plans for laborers and other covered employees in the construction industry – filed a complaint against Defendants C and C Concrete, Inc. ("C & C Concrete") and Jose R. Herrera, Jr. (collectively, "Defendants"), for failing to pay employee fringe benefits and make monthly reports in violation of the parties' collective bargaining agreement, the trust agreements, and the Employee Retirement Income Security Act ("ERISA"). *See* Complaint, ECF No. 1 at 1-2, ¶ 1.[1]

After filing a complaint and serving the Defendants, the Plaintiffs, on September 3, 2010, requested that the Clerk of the Court enter default against the Defendants for failing to answer its

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

complaint. Complaint, ECF No. 1; Proof of Service, ECF No. 4 (Herrera), Proof of Service ECF No. 5 (C & C Concrete); Request for Clerk's Entry of Default, ECF No. 6. A few days later, the Clerk of the Court entered default against the Defendants. Entry of Default, ECF No. 9.

On May 18, 2011, Plaintiffs filed an amended complaint. First Amended Complaint ("FAC"), ECF No. 32. After serving Defendants with the amended complaint and Defendants failed to answer it, Plaintiffs requested the Clerk of the Court to enter default against Defendants under the amended complaint. Certificate of Services, ECF No. 34, 35; Motion for Entry of Default, ECF No. 38. On August 17, 2011, the Clerk of the Court entered default against Defendants. Soon thereafter, Defendants filed an answer. Answer, ECF No. 42. In response, the parties filed, and the court granted, a stipulation to vacate the August 17, 2011 entry of default. Stipulation, ECF No. 44; Stipulation and Order, ECF No. 45.

Defendants were originally represented by attorney Scott Woodall. The court subsequently granted Mr. Woodall's motion to withdraw. Order Granting Defendants' Counsel's Motion to Withdraw, ECF No. 65 at 1. In the order, the court noted that "corporations may not appear in federal court except through counsel," *see* N.D. Cal. Civil Local Rule 3-9(b), and ordered C & C Concrete to file a substitution of counsel by June 29, 2012. *Id.* at 3. After C & C Concrete failed to obtain a substitute counsel, Plaintiffs asked the court to strike C & C Concrete's[2] answer to the amended complaint. *See* Plaintiffs' Case Management Conference Statement, ECF No. 67 at 3. A few months thereafter, the court struck C & C Concrete's answer and invited Plaintiffs to seek C & C Concrete's entry of default and to proceed with a motion for default judgment. Order Striking Answer, ECF No. 74.

In the court's August 2, 2012 order, the court stated, "If C & C Concrete's answer is stricken, Plaintiffs then will be permitted to apply for entry of default judgment and default judgment against it." Order to Show Cause, ECF No. 72. After stipulating to vacate the August 17, 2011 entry of default, Plaintiffs did not ever request that the Clerk of the Court enter C & C Concrete's default

---

[2] On July 31, 2012, and at Plaintiffs' request, the court dismissed Mr. Herrera from the case based on his bankruptcy discharge. *See* Notice of Discharge and Order, ECF No. 69. Therefore, the only Defendant left in this suit is C & C Concrete.

again. Therefore, there is presently no entry of default against C & C Concrete. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion for default judgment against C & C Concrete. Plaintiffs are free to refile their motion for default judgment, but only after filing a request for entry of default with Clerk of the Court and receiving an entry of default.

**IT IS SO ORDERED.**

Dated: March 18, 2013

_____
LAUREL BEELER
United States Magistrate Judge

C 10-03344 LB
ORDER

3