1
2
3
4
5
6
7
8

# UNITED STATES  DISTRICT COURT

9

## Northern District of California

10

San Francisco Division

11
BOARD OF TRUSTEES OF THE
LABORERS HEALTH AND WELFARE
12
TRUST FUND FOR NORTHERN
CALIFORNIA; BOARD OF TRUSTEES OF
13
THE LABORERS VACATION-HOLIDAY
TRUST FUND FOR NORTHERN
14
CALIFORNIA; BOARD OF TRUSTEES OF
THE LABORERS PENSION TRUST FUND
15
FOR NORTHERN CALIFORNIA; BOARD
OF TRUSTEES OF THE LABORERS
16
TRAINING AND RETRAINING TRUST
FUND FOR NORTHERN CALIFORNIA,
17

Plaintiffs,
18
            v.
19
C AND C CONCRETE INC, and JOSE R.
HERRERA, JR.,
20

Defendants.
21
_____

No. C 10-03344 LB

**ORDER GRANTING PLAINTIFFS'
REVISED MOTION FOR DEFAULT
JUDGMENT**

[Re: ECF No. 89]

22

## INTRODUCTION

23
    Plaintiffs – the trustees of employee benefits plans for laborers and other covered employees in

24
the construction industry – sued Defendants C and C Concrete, Inc. ("C and C Concrete") and Jose

25
R. Herrera, Jr. for failing to pay employee fringe benefits and make monthly reports in violation of

26
the parties' collective bargaining agreement ("CBA"), the trust agreements, the Labor Management

27
Relations Act ("LMRA"), 29 U.S.C. § 141 *et seq.*, and the Employee Retirement Income Security

28
Act ("ERISA"), Pub. L. No. 93-406 (codified in part at 29 U.S.C. § 1002 *et seq.*).  *See* First

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Amended Complaint ("FAC"), ECF No. 32.[1]  Plaintiffs dismissed Mr. Herrera from this action,

2    Voluntary Dismissal, ECF No. 69, and now they seek a default judgment against C and C Concrete,

3    Revised Motion, ECF No. 89.  Following a hearing on June 6, 2013, and upon consideration of the

4    papers submitted, the undersigned finds that (a) Plaintiffs established subject-matter and personal

5    jurisdiction, and (b) the factors in *Eitel v. McCool* favor entry of default judgment against C and C

6    Concrete.  Accordingly, the court **GRANTS** Plaintiffs' motion and enters default judgment against

7    C and C Concrete in the amount of $37,425.49.[2]

8                                        **STATEMENT**

9    **I. FACTUAL ALLEGATIONS**

10        Plaintiffs are the administrators and trustees for the trust funds.[3]  FAC, ECF No. 32 ¶ 3.  These

11    trust funds are organized pursuant to the LMRA, and the trustees are fiduciaries of multiemployer

12    benefit plans within the meaning of ERISA.  *Id.*  Each of the trust funds is a third-party beneficiary

13    of the CBA described below.  *Id.* ¶ 4.

14    _____

15        [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
      number at the top of the document, not the pages at the bottom.

16
          [2] All parties have consented to the undersigned's jurisdiction.  Consent (Plaintiffs), ECF No.
17    25 at 1; 9/22/2011 Joint Case Management Conference Statement, ECF No. 46 at 5 (indicating that
      Defendants consent to the undersigned's jurisdiction)
18

19        [3] The trust funds, established under trust agreements, consist of all employee fringe benefit
      contributions that are to be made by employers pursuant to collective bargaining agreements as well
20    as all returns on contributions and any other property received or held by the trust funds.  *See*
      Revised Hagan Declaration, Exh. A (introductory pages of the Amended and Restated Trust
21    Agreement Establishing the Laborers Pension Trust Fund For Northern California), ECF No. 90-1 at
      1-5; *id.*, Exh. B (pages eight through ten of Article II, Section 1, of the Trust Agreement establishing
22    the Laborers Pension Trust Fund for Northern California), ECF No. 90-1 at 6-9.

23
          The Trust Agreements for the Laborers Health and Welfare Trust Fund for Northern
24    California, the Laborers Vacation/Holiday Trust Fund for Northern California and the Laborers
      Training and Retraining Trust Fund for Northern California contain the same terms and conditions
25    as the Trust Agreement for the Laborers Pension Trust Fund for Northern California.  So the same
      references to the Laborers Pension Trust Fund for Northern California apply to the Laborers Health
26    and Welfare Trust Fund for Northern California, the Laborers Vacation/Holiday Trust Fund for
      Northern California and the Laborers Training and Retraining Trust Fund for Northern California.
27    *See* Revised Hagan Declaration, ECF No. 90 ¶ 11.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

C and C Concrete is a California corporation with its principal place of business in Lodi, California and is an employer engaged in an industry or activity affecting commerce within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(2), 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.  *Id.* ¶ 7.  Mr. Herrera is C & C Concrete's Regional Managing Officer, Chief Executive Officer, and President.  *Id.*

Plaintiffs and C and C Concrete are parties to a CBA that requires C and C Concrete to pay (1) fringe benefits for their employees to employee benefit plans by the 15th day of the next calendar month, and (2) report the contributions for covered employees to the plan administrator.  *Id.* ¶¶ 7-11, 13.  C and C Concrete is a fiduciary as defined by ERISA Section 3(21), 29 U.S.C. § 1002(21), and therefore also is a party in interest as defined by ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A). *Id.* ¶ 27.  In the event that C and C Concrete fails to make the monthly installments on or before the 25th day of the month in which the employee fringe benefit contributions are due, C and C Concrete is subject to interest at the rate of 1.5% per month as well as liquidated damages of $150 for each month that the contribution is delinquent.  *See* Revised Hagan Declaration, ECF No. 90 ¶ 16; *id.*, Exh. H (Liquidated Damage Program — Board Policy), ECF No. 90-1 at 22-25.

Plaintiffs bring claims against Defendants for (1) Breach of Collective Bargaining Agreement, (2) Recovery of Unpaid Trust Fund Contributions, (3) Breach of Fiduciary Duty, and (4) Mandatory Injunction.  *See* FAC, ECF No. 32 ¶¶ 8-33.  In essence, they allege that Defendants failed to pay employee fringe benefits and make monthly reports, as required, and that Defendants failed to pay the resulting interest and liquidated damages, too.  *See generally id.*  More specifically, Plaintiffs allege that Defendants breached the CBA in the following ways:

A.    by failing to pay all employee fringe benefit contributions reported into each Trust Fund for the period September, October and December, 2009 and January, March — July and December, 2010 in the principal amount of $7,328.63 (*see id.* ¶ 13(a)) and by failing to pay additional interest and liquidated damages for the same periods (*see id.* ¶ 13(b)) (the "Reported, Not Paid Contributions, Interest, and Liquidated Damages");

B.    by failing to report and failing to pay employee fringe benefit contributions reported into each Trust Fund for December, 2007 in the principal amount of $531.20 (*see id.* ¶ 13(c)) and by

1    failing to pay additional interest and liquidated damages for the same period (*see id.* ¶ 13(d))

2    (the "Audit-Based Not Reported, Not Paid Contributions, Interest, and Liquidated Damages");

3  C.    by failing to report and failing to pay employee fringe benefit contributions reported into

4    each Trust Fund for January, 2010 in the principal amount of $492.69 (*see id.* ¶ 13(e)) and by

5    failing to pay additional interest and liquidated damages for the same periods (*see id.* ¶ 13(f))

6    (the "Check Stub-Based Not Reported, Not Paid Contributions, Interest, and Liquidated

7    Damages"); and

8  D.    by failing to pay liquidated damages on employee fringe benefit contributions that were paid,

9    but paid late, for the period December, 2008 and January, April, July and August, 2009 in the

10    amount of $860.74 (*see id.* ¶ 13(g)).

11  **II. PROCEDURAL HISTORY**

12    On July 29, 2010, Plaintiffs filed a complaint against Defendants for failing to pay employee

13  fringe benefits and make monthly reports, as required.  *See* Complaint, ECF No. 1 ¶ 1.  After serving

14  Defendants with the complaints and summons, Plaintiffs, on September 3, 2010, requested that the

15  Clerk of the Court enter default against Defendants for failing to answer its complaint.  Complaint,

16  ECF No. 1; Proof of Service, ECF No. 4 (Herrera); Proof of Service, ECF No. 5 (C & C Concrete);

17  Request for Clerk's Entry of Default, ECF No. 6.  A few days later, the Clerk of the Court entered

18  default against Defendants.  First Entry of Default, ECF No. 9.

19    On May 18, 2011, Plaintiffs filed a First Amended Complaint.  FAC, ECF No. 32.  After serving

20  Defendants with the First Amended Complaint and Defendants failed to answer it, Plaintiffs

21  requested the Clerk of the Court to enter default against Defendants with respect to the First

22  Amended Complaint.  Certificates of Service, ECF No. 34, 35; Motion for Entry of Default, ECF

23  No. 38.  On August 17, 2011, the Clerk of the Court entered default against Defendants.  Second

24  Entry of Default, ECF No. 41.  Soon thereafter, Defendants filed an answer.  Answer, ECF No. 42.

25  In response, the parties filed, and the court granted, a stipulation to vacate the August 17, 2011 entry

26  of default.  Stipulation, ECF No. 44; Stipulation and Order, ECF No. 45.

27    Defendants originally were represented by attorney Scott Woodall.  On May 25, 2012, the court

28  granted Mr. Woodall's motion to withdraw.  *See* Order Granting Defendants' Counsel's Motion to

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1  Withdraw, ECF No. 65 at 1.  In the order, the court noted that "corporations may not appear in

2  federal court except through counsel," *see* N.D. Cal. Civil Local Rule 3-9(b), and ordered C & C

3  Concrete to file a substitution of counsel by June 29, 2012.  *Id.* at 3.  After C and C Concrete failed

4  to obtain a substitute counsel, Plaintiffs asked the court to strike C & C Concrete's[4] answer to the

5  First Amended Complaint.  *See* Plaintiffs' Case Management Conference Statement, ECF No. 67 at

6  3.  A few months thereafter, the court struck C and C Concrete's answer and invited Plaintiffs to

7  seek C and C Concrete's entry of default and to proceed with a motion for default judgment.  Order

8  Striking Answer, ECF No. 74.

9       Plaintiffs again sought C and C Concrete's default, Request for Entry of Default, ECF No. 84,

10  and the Clerk of Court entered C and C Concrete's default on March 26, 2013, Third Entry of

11  Default, ECF No. 86.  Plaintiffs thereafter filed the instant motion for default judgment against C

12  and C Concrete.  Revised Motion, ECF No. 89.  C and C Concrete was served with the motion by

13  mail on April 17, 2013.  Certificate of Service, ECF No. 93.  C and C Concrete has failed to respond

14  to it, *see generally* Docket, and C and C Concrete also did not appear at the June 6, 2013 motion

15  hearing, *see* 6/6/2013 Minute Order, ECF No. 96.

16  **ANALYSIS**

17  **I. JURISDICTION**

18       Before entering default judgment, a court must determine whether it has jurisdiction over

19  defendants.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

20       **A. Subject-Matter Jurisdiction**

21       Plaintiffs allege four claims in their First Amended Complaint: (a) the first under the LMRA for

22  breach of the CBA, *see* 29 U.S.C. § 185(a); (b) the second under ERISA to recover unpaid trust fund

23  contributions, *see* 29 U.S.C. §§ 1132(g)(2), and 1145; (c) the third under ERISA for breach of

24  fiduciary duty, *see* 29 U.S.C. §§ 1002(21)(A), 1104, 1109; and (d) the fourth under ERISA for a

25  mandatory injunction for an audit, *see* 29 U.S.C. § 1132(g)(2)(E).  *See* FAC, ECF No. 32 ¶¶ 8-33.

26  _____

27      [4] On July 31, 2012, at Plaintiffs' request, the court dismissed Mr. Herrera from the case
based on his bankruptcy discharge.  *See* Notice of Discharge and Order, ECF No. 69.  Therefore, the
28  only Defendant left in this suit is C & C Concrete.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    The court has subject-matter jurisdiction over these federal claims. *See* 28 U.S.C. § 1331(a).

2    **B. Personal Jurisdiction**

3      Plaintiffs served C and C Concrete and Mr. Herrera with the original complaint and the First

4    Amended Complaint in California. Proofs of Service, ECF Nos. 4, 5, 34, 35. C and C Concrete is a

5    California corporation doing business in the state of California with its headquarters in Lodi,

6    California. FAC, ECF No. 32 ¶ 7; Richman Declaration, ECF No. 16 at 5, Exh. A (showing valid

7    contractor's license for C and C Concrete, Inc. until January 31, 2012). The court has personal

8    jurisdiction over C and C Concrete. *See, e.g., S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007);

9    *Draper v. Combs*, 792 F.2d 915, 924 (9th Cir. 1986).

10    **II. DEFAULT JUDGMENT**

11      Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for –

12    and the court may grant – a default judgment against a defendant who has failed to plead or

13    otherwise defend an action. *See Draper*, 792 F.2d at 925. Default judgments are generally

14    disfavored because "cases should be decided on the merits whenever reasonably possible." *Eitel v.*

15    *McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). The court must consider the following factors when

16    deciding whether to use its discretion to grant a motion for default judgment: (1) the possibility of

17    prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the

18    complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute about the

19    material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy

20    underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*. at 1471-72.

21    These factors weigh in favor of default judgment against C and C Concrete in this case.

22    **A. Merits and Sufficiency (prongs two and three of the *Eitel* test)**

23      After entry of default, well-pleaded allegations in the complaint regarding liability and entry of

24    default are taken as true, except as to damages. *See Fair Housing of Marin v. Combs*, 285 F.3d 899,

25    906 (9th Cir. 2002). The court is not required to make detailed findings of fact. *Id*. Default

26    judgment cannot exceed the amount demanded in the pleadings. Fed. R. Civ. P. 54(c).

27      In their motion, Plaintiffs appear to seek default judgment with respect to their first and second

28    claims only. *See* Revised Motion, ECF No. 89. Plaintiffs' third claim alleges that Mr. Herrera is

UNITED STATES DISTRICT COURT
For the Northern District of California

1    individually liable for breaching his own fiduciary duty, *see* FAC, ECF No. 32 ¶¶ 27-28, but Mr.

2    Herrera was dismissed as a defendant to this action.  *See* Notice of Discharge and Order, ECF No.

3    69.  Plaintiffs' fourth claim seeks a mandatory injunction allowing them access to C and C

4    Concrete's books and records to determine the amount of contributions due and owing, but

5    Plaintiffs, though their motion, appear to be seeking damages only.  *See* Proposed Order, ECF No.

6    92.  Thus, the court only addresses Plaintiffs' first and second claims against C and C Concrete.

7           *1.  Breach of the CBA under 29 U.S.C. § 185(a)*

8           29 U.S.C. § 185 permits Plaintiffs to sue for breaches of a collective bargaining agreement.

9    Federal courts apply federal common law principles to determine the enforceability of contract

10   provisions like liquidated damages provisions.  *See Idaho Plumber & Pipefitters Health & Welfare*

11   *Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 214-18 (9th Cir. 1989).  Plaintiffs' First

12   Amended Complaint sufficiently alleges a contractual obligation to make contributions and a breach

13   of that obligation.  *See* FAC, ECF No. 32 ¶¶ 8-15.

14          *2.  Recover of Unpaid Trust Fund Contributions under 29 U.S.C. §§ 1132(g)(2) and 1145*

15          29 U.S.C. § 1145 provides, "every employer who is obligated to make contributions to a

16   multiemployer plan under the terms of the plan or a collectively bargained agreement shall, to the

17   extent not inconsistent with the law, make such contributions in accordance with the terms and

18   conditions of such plan or such agreement."  Section 1145 thus creates a claim against employers

19   who do not make timely contributions as required under a collective bargaining agreement.  *See*

20   *Trustees of the Screen Actors Guild-Producers Pension & Health Plans v. NYCA Inc.*, 572 F.3d 771,

21   774-76 (9th Cir. 2009); *Board of Trustees v. RBS Washington Blvd. LLC*, No. C 09-06660 WHA,

22   2010 WL 145097, at *2 (N.D. Cal. Jan. 8, 2010).  Plaintiffs here must prove the following: (1) the

23   plans are multiemployer plans as defined by 29 U.S.C. § 1002(37), (2) the CBA obligated C and C

24   Concrete to make the disputed contributions; and (3) C and C Concrete did not make the required

25   contributions.  29 U.S.C. § 1145; *Board of Trustees of the Sheet Metal Workers Health Care Plan of*

26   *Northern California v. Gevasio Envtl. Sys.*, No. C 03-4858 WHA, 2004 WL 1465719, at *2 (N.D.

27   Cal. May 21, 2004).

28          Plaintiffs' First Amended Complaint contains sufficient facts establishing the elements of the

UNITED STATES DISTRICT COURT
For the Northern District of California

1   claim:  the trusts are multiemployer benefit plans within the meaning of ERISA; the CBA required C

2   and C Concrete to make contributions to the plans; and C and C Concrete did not make the required

3   contributions.  *See* FAC, ECF No. 32 ¶¶ 16-24.

4   **B. The Remaining *Eitel* Factors**

5   The remaining *Eitel* factors weigh in favor of granting default judgment.

6   *1. Possibility of prejudice to Plaintiffs.*  If the motion is not granted, Plaintiffs have no

7   recourse to enforce the terms of the agreement requiring C and C Concrete to make plan

8   contributions and pay liquidated damages.

9   *2. Possibility of dispute concerning a material fact*.  C and C Concrete's answer was stricken

10  and it has defaulted, and thus there is no information that there might be a disputed issue of material

11  fact.  The issues are straightforward: whether C and C Concrete failed to make timely contributions

12  as required by the bargaining agreement, and what the liquidated and interest damages are.

13  *3. Excusable Neglect.*  There is no indication that C and C Conrete's failure to participate in

14  this proceeding is due to excusable neglect.  In fact, the record establishes ongoing contact by

15  Plaintiffs with C and C Concrete through this action.

16  *4. The sum of money at stake in the action*. When the money at stake in the litigation is

17  substantial or unreasonable, default judgment is discouraged.  *See Eitel*, 782 F.2d at 1472 (three

18  million dollar judgment, considered in light of parties dispute as to material facts, supported decision

19  not to enter default judgment); *Tragni v. Southern Elec. Inc.*, No. 09-32 JF, 2009 WL 3052635, at *5

20  (N.D. Cal. Sept. 22, 2009); *Board of Trustees*, 2010 WL 145097 at *3 (*citing Eitel*, 782 F.2d at

21  1472).  The amounts sought here generally are modest and reasonable, and they are required by both

22  the CBA and 29 U.S.C. §1132.  *See Northwest Administrators, Inc. v. Albertsons, Inc.*, 104 F.3d

23  253, 257-58 (9th Cir. 1996).  This factor does not disfavor entry of default judgment in this case.

24  *5. Strong policy in Federal Rules favoring decisions on the merits*. Despite the policy of

25  favoring decisions on the merits, default judgment is appropriate when a defendant refuses to litigate

26  a case.  Fed. R. Civ. P. 55(b); *see RBS Washington*, 2010 WL 1450897 at *4.

27

28  **III.  RELIEF SOUGHT**

1    Under the trust agreement, CBA, and the ERISA statute, when contributions are unpaid,

2    Plaintiffs may recover the following: (1) unpaid contributions; (2) interest on the unpaid

3    contributions; (3) liquidated damages; (4) reasonable attorney's fees and costs; and (5) such other

4    legal or equitable relief the court deems appropriate.  29 U.S.C. § 1132(g)(2).

5    For the breach of contract claim for damages, the district court applies federal contract law to

6    determine whether the liquidated damages are reasonable.  *See Idaho Plumbers*, 875 F.2d at 214-18.

7    Liquidated damages must meet two provisions: (1) the harm caused by the breach of contract must

8    be difficult or impossible to estimate; and (2) the amount of liquidated damages must be a

9    reasonable forecast of compensation for the harm caused.  *Id.*; *United Order of American*

10   *Bricklayers & Stone Masons Union No. 21 v. Thorleif Larsen & Son, Inc.,* 519 F. 2d 332 (9th Cir.

11   1975) (upholding liquidated damages provision in collective bargaining agreement of 10 percent of

12   unpaid contributions).

13   For the ERISA claim for damages under 29 U.S.C. § 1132(g)(2), Plaintiffs must prove their

14   entitlement to relief through written declarations and fulfill the following three requirements: (1) the

15   defendant must be delinquent in its contributions at the time the action is filed; (2) the district court

16   must enter judgment against the defendant; and (3) the plan must provide for the damages sought.

17   *Northwest Administrators*, 104 F.3d at 257-58; *Idaho Plumbers & Pipefitters v. United Mechanical*,

18   875 F.2d 212, 215 (9th Cir. 1989).  If these requirements are met, an award of contributions,

19   liquidated damages, and reasonable attorney's fees and costs is mandatory.  *Northwest*

20   *Administrators*, 104 F.3d at 257-58; *Board of Trustees*, 2010 WL 145097 at *3.  The specific award

21   under 29 U.S.C. § 1132(g)(2) is as follows: (A) the unpaid contributions; (B) interest on the unpaid

22   contributions; (C) an amount equal to the greater of the interest on the unpaid contributions or

23   liquidated damages as specified in the plan (generally not to exceed 20 percent of the unpaid

24   contributions); (D) reasonable attorney's fees and costs; and (E) appropriate equitable relief.  *See* 29

25   U.S.C. § 1132(g)(2).

26   The court now turns to Plaintiffs' requested relief.

27   **A.  Reported, Not Paid Contributions, Interest, and Liquidated Damages**

28   As Plaintiffs describe in their motion, and as the documents submitted demonstrate, C and C

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Concrete submitted its Employer Reports of Contributions for the period September, October and

2   December, 2009 and January, March - July, and December, 2010, as required, reporting hours of

3   covered work under the collective bargaining agreement. *See* Revised Hagan Declaration, ECF No.

4   90 ¶¶ 17-18, Exh. J (copies of the Employer Reports of Contribution for September, October and

5   December, 2009 and January, March - July, and December, 2010). C and C Concrete, however,

6   failed to pay all of the contributions on behalf of its covered employees for this period. *See id.* ¶ 17,

7   Exhs. I (Statement of Contributions Due Laborers Trust Funds [Reported, Not Paid]), J (copies of

8   the Employer Reports of Contribution for September, October and December, 2009 and January,

9   March - July, and December, 2010). The unpaid principal contributions total $7,328.63. *Id.* ¶¶ 17-

10  18, Exh. I. C and C Concrete owes this amount.

11      Further, pursuant to Liquidated Damage Program — Board Policy, C and C Concrete is subject

12  to interest at the rate of 1.5% per month, as well as liquidated damages, set at $150 for each month

13  that the contribution is delinquent. Calculated at 1.5% per month from the month in which each

14  delinquent contribution for each Trust Fund was recorded and accumulated, the interest C and C

15  Concrete owes through April 25, 2011 totals $1,230.11. *See id.* ¶ 19, Exh. K (Statement of Interest

16  and Liquidated Damages Due Laborers Trust Funds [Reported/Not Paid]).[5]

17      In addition, pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an additional award

18  in an amount equal to the greater of the interest on the unpaid contributions (in this case, $1,230.11)

19  or liquidated damages at the contract rate (in this case, $1,500.00). As the liquidated damages is

20  greater than the interest, Plaintiffs are entitled to another $1,500.00 in liquidated damages. *See id.* ¶

21

22      [5] The court finds specifically that both conditions under *Idaho Plumbers* exist for enforcing
    the liquidated damage provision: (1) the harm caused by the breach of contract is difficult or
23  impossible to estimate, and (2) the amount of liquidated damages is a reasonable forecast of
    compensation for the harm caused. *See Idaho Plumbers*, 875 F.2d at 214-18. As to the first factor,
24  costs are spread across different trust for different benefits like health, pension, vacation and other
    benefits. Damage to labor-management harmony also results when an employer fails to comply with
25  long-negotiated provisions in collective bargaining agreements. *See United Order of American
    Bricklayers*, 519 F.2d at 332 (finding these facts persuasive). As to the second factor, the court
26  recognizes that Defendants ultimately made payments. Still, different trusts are affected, and the
    $150 flat fee is relatively small compared to the size of the contributions involved. Thus, the court
27  concludes that the liquidated damages provision of the trust agreement is reasonable.

28

20, Exh. K.

In sum, for contributions reported, but not paid, Plaintiffs are entitled to an award under 29 U.S.C. §§ 1132(g)(2)(A), (B) and (C) as follows:

| | |
|---|---|
| Unpaid Contributions: | $7,328.63 |
| Board Policy Interest: | $1,230.11 |
| § 1132(g)(2)(C) Liquidated Damages: | $1,500.00 |
| Sub Total: | $10,058.74 |

*See id.* ¶ 21.

**B.  Audit-Based Not Reported, Not Paid Contributions, Interest, and Liquidated Damages**

As described above, an audit was conducted of C and C Concrete.  The audit showed that C and C Concrete failed to report and pay all employee fringe benefit contributions on behalf of its covered employees for the period of December, 2007 in the amount of $531.20.  *See* Revised Hagan Declaration, ECF No. 90 ¶ 22.  The audit summary sheets identify the employees, by name and social security number (which are redacted), whose hours were not reported, and the hours of covered work due for the period December, 2007, and show that C and C Concrete failed to report and pay contributions totaling $531.20.  *See id.* ¶¶ 23-24, Exhs. L (Statement of Contributions Due Laborers Trust Funds [Not Reported/Not Paid]), M (audit summary report).

C and C Concrete also owes interest on this amount.  Pursuant to Liquidated Damage Program — Board Policy, C and C Concrete is subject to interest at the rate of 1.5% per month, as well as liquidated damages, set at $150 for each month that the contribution is delinquent.  Calculated at 1.5% per month from the month in which each delinquent contribution for each Trust Fund was recorded and accumulated, the interest C and C Concrete owes through March 26, 2011 is $302.78.  *See id.* ¶ 25, Exh. N (Statement of Interest and Liquidated Damages Due Laborers Trust Funds [Not Reported / Not Paid]).

In addition, pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an additional award in an amount equal to the greater of the interest on the unpaid contributions (in this case, $302/78) or liquidated damages at the contract rate (in this case, $150.00).  As the interest is greater than the liquidated damages, Plaintiffs are entitled to another $4,425.63 in interest.  *See id.* ¶ 26, Exh. N.

UNITED STATES DISTRICT COURT
For the Northern District of California

Based on the above, Plaintiffs are entitled to an award under 29 U.S.C. §§ 1132(g)(2)(A), (B) and (C) in the following amount:

| | |
|---|---|
| Unpaid Contributions: | $531.20 |
| Board Policy Interest: | $302.78 |
| § 1132(g)(2)(C) Interest: | $302.78 |
| Sub Total: | $1,136.76 |

*See id.* ¶ 27.

**C. Check Stub-Based Not Reported, Not Paid Contributions, Interest, and Liquidated Damages**

An employee of C and C Concrete, Nicholas J. Arrollo, submitted his check stubs to Plaintiffs and requested that Plaintiffs Trust Funds verify that C and C Concrete paid all employee fringe benefit contributions due and owing. See Revised Hagan Declaration at ¶¶ 28-29. Plaintiffs thus discovered that C and C Concrete failed to report and thus failed to pay contributions due and owing for the employee for the period January, 2010 in the amount of $492.69. *See id.* ¶ 29, Exhs. O (Statement of Contributions Due Laborers Trust Funds [Not Reported / Not Paid]), P (copies of check stubs). C and C Concrete owes this amount.

C and C Concrete also owes interest on this amount. Pursuant to Liquidated Damage Program — Board Policy, C and C Concrete is subject to interest at the rate of 1.5% per month, as well as liquidated damages, set at $150 for each month that the contribution is delinquent. Calculated at 1.5% per month from the month in which each delinquent contribution for each Trust Fund was recorded and accumulated, the interest C and C Concrete owes through April 25, 2011 is $110.86. *See id.* ¶ 30, Exh. Q (Statement of Interest and Liquidated Damages Due Laborers Trust Funds [Not Reported / Not Paid]).

In addition, pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an additional award in an amount equal to the greater of the interest on the unpaid contributions (in this case, $110.86) or liquidated damages at the contract rate. There are no liquidated damages assessed. *See id.* ¶ 31. As the interest is greater than the liquidated damages, Plaintiffs are entitled to another $110.86 in interest. *See id.* ¶ 31, Exh. Q.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    Based on the above, Plaintiffs are entitled to an award under 29 U.S.C. §§ 1132(g)(2)(A), (B)

2    and (C) in the following amount:

| | |
|---|---|
| 3    Unpaid Contributions: | $492.69 |
| 4    Board Policy Interest: | $110.86 |
| 5    § 1132(g)(2)(C) Interest: | $110.86 |
| 6    Sub Total: | $714.41 |

7    *See id.* ¶ 32.

8    **D.  Late Contributions**

9    ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), provides that a court may award "such other

10   legal and equitable relief as the court deems appropriate."  This relief may include interest and

11   liquidated damages on employee fringe benefit contributions that were paid, but paid late.  *See*

12   *Northeast Administrators*, 104 F.3d at 257-58 (9th Cir. 1996); *Idaho Plumbers*, 875 F.2d at 216-18.

13   As evidence submitted by Plaintiffs demonstrates, during the period December, 2008 and

14   January, April, July and August, 2009, although C and C Concrete paid the employee fringe benefit

15   contributions as reported, it failed to pay the employee fringe benefit contributions on time, i.e.,

16   prior to the 25th day of the month immediately succeeding the month in which the employee's work

17   was performed.  *See* Revised Hagan Declaration, ECF No. 90 ¶ 33, Exh. R (Statement of Interest

18   and Liquidated Damages Due [Paid/Paid Late]).  Interest and liquidated damages on contributions

19   that were paid, but were paid late, for the period December, 2008 and January, April, July and

20   August, 2009 amount to $860.74 as calculated through April 25, 2011.  *See id.* ¶ 33, Exh. R.

21   Accordingly, C and C Concrete owes this amount.

22   **E.  Attorney's Fees and Costs**

23   Plaintiffs also request attorney's fees and costs as follows: fees of $23,340.50 (68.7 hours at

24   $345 per hour) and costs of $1,314.34.  Revised Motion, ECF No. 89 at 13-14; Revised Richman

25   Declaration, ECF No. 91, Exh. A (itemized fees and costs).  An award for reasonable fees and costs

26   is mandatory because there are unpaid contributions and the plan provides for reasonable fees and

27   costs.  *See Northwest Administrators*, 104 F.3d at 257-58.  Fees are also allowed and appropriate

28   under the terms of the parties' trust agreements.

C 10-03344 LB
ORDER RE DEFAULT JUDGMENT

UNITED STATES DISTRICT COURT
For the Northern District of California

1    The $1,314.34 costs are fees related to the filing of the complaint and the service and mailing of

2    numerous documents.  *See* Revised Richman Declaration, Exh. A, ECF No. 91 at 14-17.  These are

3    reasonable, and the court awards them.

4        To determine a reasonable attorney's fee award in cases such as this, courts use the lodestar

5    method.  *Grove v. Wells Fargo Financial Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010).  The court

6    calculates a lodestar amount by multiplying the number of hours counsel reasonably spent on the

7    litigation by a reasonable hourly rate.  *Id.*  The court finds the hourly rate reasonable and

8    recommends awarding fees for 68.7 hours for a total of $23,340.50.

9        *1.  Reasonable Hourly Rate*

10       A reasonable hourly rate is that prevailing in the community for similar work performed by

11   attorneys of comparable skill, experience, and reputation.  *Moreno v. City of Sacramento*, 534 F.3d

12   1106, 1111 (9th Cir. 2008); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

13   The relevant community is the "forum in which the district court sits," which here is the Northern

14   District of California.  *Camacho*, 523 F.3d at 979.  The party requesting fees must produce

15   satisfactory evidence – in addition to the attorney's own affidavits or declarations – showing the

16   rates are in line with community rates.  *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Jordan*

17   *v. Multomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

18       Based on Mr. Richman's experience, hourly rates and fee awards for counsel in similar cases,

19   and the Laffey Matrix (which here results in a locality-adjusted award of $418 an hour), the court

20   finds the hourly rate reasonable.  *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039,

21   1067 (N.D. Cal. 2010); *In re HPL Technologies, Inc. Securities Litigation*, 366 F. Supp. 2d 912,

22   921-22 (N.D. Cal. 2005).  Mr. Richman is a senior counsel, managing partner, and shareholder of

23   Bullivant Houser Bailey PC.  Revised Richman Declaration, ECF No. 91 ¶ 3.  He has been

24   practicing law since 1984, and has been handling ERISA trust litigation since 1995.  *Id.*  Mr.

25   Richman previously represented Plaintiffs during the period between 1995 to 2002, and more

26   recently since 2006.  *Id.*  Mr. Richman bills at $345 per hour, a lower rate than his standard rate for

27   general litigation of $375-$450.  *Id.* at ¶ 4, Exh. A (showing that Plaintiffs were billed at $345 per

28   hour).  Courts in this district have approved rates similar to that of Mr. Richman.  *See, e.g.,*

UNITED STATES DISTRICT COURT
For the Northern District of California

1  *Crosthwaite v. Brennan*, No. C 10-03940 CW (LB), 2011 WL 589821, at *8 (N.D. Cal. Jan. 25,

2  2011) (approving an hourly rate of $295).  The court finds Mr. Richman's hourly rate of $345

3  reasonable.

4        *2. Reasonable Hours Expended*

5        Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise

6  unnecessary.'"  *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*

7  *v. Eckerhart*, 461 U.S. 424, 434 (1983)).  The party requesting fees must provide detailed time

8  records documenting the task completed and the time spent.  *See Hensley*, 461 U.S. at 434; *McCown*,

9  565 F.3d at 1102; *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

10       Here, the total number of hours of 68.7 includes drafting the complaints filed, the documents

11 related to Defendants' multiple defaults, case management statements, and the instant motion for

12 default judgment.  Revised Richman Declaration, ECF No. 91, Exh. A.  Mr. Richman was

13 responsible for all billing except 3.7 hours).  *Id.*  The court finds these billings to be reasonable and

14 in line with the timeline of this action and were necessary for its prosecution.

15                                          **CONCLUSION**

16       Based on the foregoing, the court **GRANTS** Plaintiffs' motion for default judgment and awards

17 Plaintiffs $37,425.49, which is broken down as follows:

18 •    For the Reported, Not Paid Contributions, Interest, and Liquidated Damages, the court award

19      Plaintiffs $10,058.74.

20 •    For the Audit-Based Not Reported, Not Paid Contributions, Interest, and Liquidated Damages,

21      the court awards Plaintiffs $1,136.76.

22 •    For the Check Stub-Based Not Reported, Not Paid Contributions, Interest, and Liquidated

23      Damages, the court awards Plaintiffs $714.41.

24 •    For the Late Contributions, the court awards Plaintiffs $860.74.

25 •    For attorney's fees and costs, the court awards Plaintiffs $23,340.50 in fees and $1,314.34 in

26      costs.

27       This disposes of ECF No. 89.

28

**IT IS SO ORDERED.**

Dated: June 6, 2013

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California